# EXHIBIT A

FILED
5/14/2020 2:17 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
JAVIER HERNANDEZ DEPUTY

JURY DEMAND

DC-20-06809

CAUSE NO. _____

| | | |
|---|---|---|
| NORMA LYN MALDONADO, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE | § | |
| OF THE ESTATE OF BRIAN AMADOR | § | |
| MALDONADO, Deceased | § | |
| Plaintiffs, | § | |
| | § | _____ JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| CHESAPEAKE OPERATING, L.L.C., | § | |
| CHESAPEAKE ENERGY CORPORATION, | § | |
| SDS PETROLEUM CONSULTANTS, L.L.C., | § | |
| A&L HOT OIL SERVICE, INC., EAGLE | § | |
| PCO, L.L.C., FORBES ENERGY SERVICES, LTD | § | |
| FORBES ENERGY SERVICES, L.L.C., | § | |
| C.C. FORBES, L.L.C., | § | |
| Defendants | § | DALLAS COUNTY, TEXAS |

---

## PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NORMA LYN MALDONADO, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF BRIAN AMADOR MALDONADO, Deceased in the above entitled and numbered cause, complaining of Defendants **Chesapeake Operating, L.L.C., Chesapeake Energy Corporation, SDS Petroleum Consultants, LLC., A&L Hot Oil Service, Inc., Forbes Energy Services, LTD., Forbes Energy Services, LLC., CC Forbes, LLC.,** and **Eagle PCO, LLC** for cause of action would respectfully show unto the Court and Jury as follows:

### I.
### DISCOVERY CONTROL PLAN

Discovery in this matter is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure.

**PLAINTIFFS' ORIGINAL PETITION**                                          **PAGE 1**

## II.
## <u>PARTIES</u>

Plaintiff NORMA LYN MALDONADO, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF BRIAN AMADOR MALDONADO, Deceased is a resident of San Diego, Duval County, Texas and is the natural mother of **Brian Amador Maldonado, Deceased**.

Defendant, **Chesapeake Operating, L.L.C.,** hereinafter referred to as ("**COLLC**") is a foreign limited liability company headquartered located in Oklahoma City, Oklahoma, registered to do business in Texas, and conducting a substantial amount of business in Texas on a continuing and systematic basis. Defendant has agreed to service by electronic mail by serving its counsel:

> **jnorris@joneswalker.com - Mr. Joshua Norris, JONES WALKER, L.L.P., 811 Main St., Suite 2900, Houston, Texas 77002.**

Defendant, **Chesapeake Energy Corporation**, hereinafter referred to as ("**CEC**") is a foreign corporation conducting a substantial amount of business in Texas on a continuing and systematic basis. Defendant has agreed to service by electronic mail by serving its counsel:

> **jnorris@joneswalker.com - Mr. Joshua Norris, JONES WALKER, L.L.P., 811 Main St., Suite 2900, Houston, Texas 77002.**

Defendant, **SDS Petroleum Consultants, LLC** hereinafter referred to as ("**SDS**") is a domestic limited liability company with its principal place of business in Tyler, Texas. Defendant has agreed to service by electronic mail by serving its counsel:

> **bdoherty@glllaw.com - Mr. Brendan P. Doherty, GIEGER, LABORDE, LAPEROUSE, LLC., 5151 San Felipe, Suite 750, Houston, Texas 77056.**

Defendant, **A&L Hot Oil Service, Inc.** hereinafter referred to as ("**A&L**") is a Texas corporation with its principal place of business in Brenham, Texas.  Defendant has agreed to service by electronic mail by serving its counsel:

**PLAINTIFFS' ORIGINAL PETITION**                                                              **PAGE 2**

nez@ramey-chandler.com - **Mr. Nick E. Zito, RAMEY, CHANDLER, QUINN, & ZITO, P.C., One Bearing Park, 750 Bering Dr., Suite 600, Houston, Texas 77057.**

Defendant, **Forbes Energy Services, LTD** hereinafter referred to as ("**FESLTD**") is a Delaware limited company with its principal place of business in Alice, Texas. Defendant has agreed to service by electronic mail by serving its counsel:

cjcilfone@pg-law.com **– Mr. Charlie J. Cilfone, P.E., PLUNKETT, GRIESENBECK, & MIMARI, INC., 1635 N.E. Loop 410, Suite 900, San Antonio, Texas 78209.**

Defendant, **Forbes Energy Services, LLC** hereinafter referred to as ("**FORBES**") is a Delaware limited liability company with its principal place of business in Alice, Texas. Defendant has agreed to service by electronic mail by serving its counsel:

cjcilfone@pg-law.com **– Mr. Charlie J. Cilfone, P.E., PLUNKETT, GRIESENBECK, & MIMARI, INC., 1635 N.E. Loop 410, Suite 900, San Antonio, Texas 78209.**

Defendant, **CC Forbes, LLC** hereinafter referred to as ("**CCF**") is a Delaware limited liability company with its principal place of business in Alice, Texas. Defendant has agreed to service by electronic mail by serving its counsel:

cjcilfone@pg-law.com **– Mr. Charlie J. Cilfone, P.E., PLUNKETT, GRIESENBECK, & MIMARI, INC., 1635 N.E. Loop 410, Suite 900, San Antonio, Texas 78209.**

Defendant, **Eagle PCO, LLC** hereinafter referred to as ("**EAGLE PCO**") is a Domestic Limited Liability Company with its principal place of business in Texas. Defendant has agreed to service by electronic mail by serving its counsel:

Michael.Streich@phelps.com - **Michael E. Streich of PHELPS DUNBAR, LLP, 500 Dallas, Street, Suite 1300, Houston, Texas 77002.**

### III.
### JURISDICTION/VENUE

This Court has jurisdiction over this cause of action Pursuant to Tex. Civ. Prac. & Rem. §

15.002(a)(b). In compliance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek

monetary relief over $1,000,000.00 from a Dallas County Jury.

### IV.
### FACTS

**A.**   **Cast of Characters**

**COLLC** and/or **CEC** was the operator and in control of the well site on the Wendland,

Daniel 1H well.

**COLLC and/or CEC** contracted with **SDS** to provide the services of Jeff Luce,

Chesapeake's Company Man.  **SDS** handles the payroll and insurance obligations of Jeff Luce and

provided billing services for Jeff Luce to **COLLC** and/or **CEC**.  Through Defendant **SDS**, **COLLC**

and/or **CEC** hired Company man Jeff Luce, to work as a supervisor representative over the work

over rig which was to perform work for **COLLC** and/or **CEC** in the development of the Giddings

(Eagleford) basin.  Upon information and belief, Mr. Luce was to receive directions from engineers

and managers at **COLLC** and/or **CEC** and execute the directions he received through various

contractors that have relationships with **COLLC** and/or **CEC**.  In its simplest terms, Mr. Luce would

be managing and directing operations known as "killing the well" or "oil well control" and "pulling

the rods and tubing" in the horizontal well in Giddings (Eagleford) for **COLLC** and/or **CEC**.  The

various contractors had fairly specific job duties. Those present at the site and also present in this

lawsuit with the following:

**A&L** was responsible for pumping fluids down the well bore in an attempt to maintain oil

well control. Such presence of fluids introduced into the well bore act as a barrier to the

hydrocarbons, maintaining down hole hydrostatic pressures.

**FORBES** and/or **CCF** provided the workover rig and crew which would have provided labor and the actual workover rig which would set the tubing. **CCF** was an integral part of the workover procedure, which was occurring at the time of the horrific explosion.

**FESLTD** is the parent company of **FORBES** and **CCF**. Both, **FORBES** and **CCF** are wholly owned subsidiaries of **FESLTD**. Upon information and belief, **FESLTD** hired and employs Jerry Woodall in the capacity of Safety Director to oversee the safety of FESLTD's subsidiaries such as **FORBES and CCF.**

**EAGLE PCO** is the pressure control and torque and test company hired to literally torque down large bolts and nuts to secure "iron" to the wellhead. During the process, various equipment including master valves, blowout preventers (BOP) and lubricators were "nippled up" and "nippled down" by the torque and test crew with their machines.

### B.    Facts leading up to the injuries Brian Maldonado sustained

On January 29, 2020, Plaintiff **Brian Amador Maldonado, Deceased**, was performing work with his employer, CC Forbes in Burleson County, Texas on the Wendland, Daniel H 1H well.

On information and belief, Chesapeake required Forbes, SDS, and A&L to perform operations in an extremely dangerous manner at the Wendland 1H Well. Chesapeake failed, *inter alia*, to:

- properly provide appropriate pressure control devices in order to prevent a blowout;

- provide proper equipment to prevent a buildup of pressure in the wellbore, including proper fluid logistics and deployment and blowout preventers deployed at the appropriate specifications;

- properly provide for a plug at the Wendland 1H Well deployed at the appropriate specifications given the circumstances of the operations at the Wendland 1H Well;

- ensure that its representative(s) at the Wendland 1H Well properly supervised and/or directed the work in a safe and prudent manner—and without exposing Plaintiffs to extreme hazards; and

- maintain, follow, or enforce policies, procedures, and/or regulations necessary for safe workover operations.

Due to the negligence of the Defendants **COLLC, CEC, SDS, A&L, FORBES, CCF, FESLTD, and EAGLE PCO**, Plaintiff **Brian Amador Maldonado, Deceased** sustained severe injuries and burns resulting in his demise.

**V.**
**CAUSE OF ACTION**

**A.** **Negligence of Defendants Chesapeake Operating (COLLC) and Chesapeake Energy (CEC).**

Plaintiffs would show the Court that the negligent acts and omissions of Defendants **COLLC** and **CEC**, individually and independently and statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiffs. Any statutory violations constitute negligence per se. The violations, negligent acts and omissions are, among others, as follows:

1. a duty to exercise the degree of care, skill and competence that a reasonable and ordinary person would exercise under similar circumstances;

2. the duty to exercise reasonable care to avoid a foreseeable risk of injury to other persons;

3. a duty to use ordinary care by not placing others in harm's way;

4. in failing to advise the Plaintiff of unsafe condition;

5. in failing to follow appropriate safety rules and regulation;

6. exposing the Plaintiff **Brian Amador Maldonado, Deceased** to a known dangerous and flammable environment without mitigating the risks.

7. Failure to ensure that the conditions surrounding the subject well were safe and controlled, so that the release and the presence of explosive gases and/or materials were far enough away from ignition sources to prevent a foreseeable explosion;

8.  Failure to ensure that no explosion or fire occurred at the subject well;

9.  Failure to provide **Brian Amador Maldonado, Deceased** a safe environment in which to work;

10. Failure to stop work when a known dangerous condition existed for the type of work that was being done;

11. Failure to keep a look out and remedy known dangerous conditions; and

12. Failure to eliminate a dangerous, unsafe, and known hazardous condition.

Plaintiffs would further show that the above actions and/or omissions, among other, constitute negligence on the part of these Defendants and that such negligence was a proximate cause of the injuries and damages suffered by Plaintiffs.

### B.  Negligence of Defendant SDS Petroleum Consulting (SDS).

Plaintiffs would show the Court that the negligent acts and omissions of Defendants **SDS**, individually and independently and statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiffs. Any statutory violations constitute negligence per se. The violations, negligent acts and omissions are, among others, as follows:

1.  a duty to exercise the degree of care, skill and competence that a reasonable and ordinary person would exercise under similar circumstances;

2.  the duty to exercise reasonable care to avoid a foreseeable risk of injury to other persons;

3.  a duty to use ordinary care by not placing others in harm's way;

4.  in failing to advise the Plaintiff of unsafe condition;

5.  in failing to follow appropriate safety rules and regulation;

6.  exposing the Plaintiff **Brian Amador Maldonado, Deceased** to a known dangerous and flammable environment without mitigating the risks.

**PLAINTIFFS' ORIGINAL PETITION**                                                                 **PAGE 7**

7. Failure to ensure that the conditions surrounding the subject well were safe and controlled, so that the release and the presence of explosive gases and/or materials were far enough away from ignition sources to prevent a foreseeable explosion;

8. Failure to ensure that no explosion or fire occurred at the subject well;

9. Failure to provide **Brian Amador Maldonado, Deceased** a safe environment in which to work;

10. Failure to stop work when a known dangerous condition existed for the type of work that was being done;

11. Failure to keep a look out and remedy known dangerous conditions; and

12. Failure to eliminate a dangerous, unsafe, and known hazardous condition.

Plaintiffs would further show that the above actions and/or omissions, among other, constitute negligence on the part of these Defendants and that such negligence was a proximate cause of the injuries and damages suffered by Plaintiffs.

**C. Negligence of Defendant A&L Hot Oil Service (A&L).**

Plaintiffs would show the Court that the negligent acts and omissions of Defendants **A&L**, individually and independently and statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiffs. Any statutory violations constitute negligence per se. The violations, negligent acts and omissions are, among others, as follows:

1. a duty to exercise the degree of care, skill and competence that a reasonable and ordinary person would exercise under similar circumstances;

2. the duty to exercise reasonable care to avoid a foreseeable risk of injury to other persons;

3. a duty to use ordinary care by not placing others in harm's way;

4. in failing to advise the Plaintiff of unsafe condition;

5. in failing to follow appropriate safety rules and regulation;

**PLAINTIFFS' ORIGINAL PETITION**                                                          **PAGE 8**

6. exposing the Plaintiff **Brian Amador Maldonado, Deceased** to a known dangerous and flammable environment without mitigating the risks.

7. Failure to ensure that the conditions surrounding the subject well were safe and controlled, so that the release and the presence of explosive gases and/or materials were far enough away from ignition sources to prevent a foreseeable explosion;

8. Failure to ensure that no explosion or fire occurred at the subject well;

9. Failure to provide **Brian Amador Maldonado, Deceased** a safe environment in which to work;

10. Failure to stop work when a known dangerous condition existed for the type of work that was being done;

11. Failure to keep a look out and remedy known dangerous conditions; and

12. Failure to eliminate a dangerous, unsafe, and known hazardous condition.

Plaintiffs would further show that the above actions and/or omissions, among other, constitute negligence on the part of these Defendants and that such negligence was a proximate cause of the injuries and damages suffered by Plaintiffs.

**D. <u>Negligence of Defendant EAGLE PCO.</u>**

Plaintiffs would show the Court that the negligent acts and omissions of Defendants **EAGLE PCO**, individually and independently and statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiffs. Any statutory violations constitute negligence per se. The violations, negligent acts and omissions are, among others, as follows:

1. a duty to exercise the degree of care, skill and competence that a reasonable and ordinary person would exercise under similar circumstances;

2. the duty to exercise reasonable care to avoid a foreseeable risk of injury to other persons;

3. a duty to use ordinary care by not placing others in harm's way;

4. in failing to advise the Plaintiff of unsafe condition;

5. in failing to follow appropriate safety rules and regulation;

6. exposing the Plaintiff **Brian Amador Maldonado, Deceased** to a known dangerous and flammable environment without mitigating the risks.

7. Failure to ensure that the conditions surrounding the subject well were safe and controlled, so that the release and the presence of explosive gases and/or materials were far enough away from ignition sources to prevent a foreseeable explosion;

8. Failure to ensure that no explosion or fire occurred at the subject well;

9. Failure to provide **Brian Amador Maldonado, Deceased** a safe environment in which to work;

10. Failure to stop work when a known dangerous condition existed for the type of work that was being done;

11. Failure to keep a look out and remedy known dangerous conditions; and

12. Failure to eliminate a dangerous, unsafe, and known hazardous condition.

Plaintiffs would further show that the above actions and/or omissions, among other, constitute negligence on the part of these Defendants and that such negligence was a proximate cause of the injuries and damages suffered by Plaintiffs.

### E.  Negligence of Defendant FORBES, FESLTD, and CCF

Plaintiffs would show the Court that the negligent acts and omissions of Defendants **FORBES, FESLTD, and CCF**, individually and independently and statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiffs. Any statutory violations constitute negligence per se. The violations, negligent acts and omissions are, among others, as follows:

1. a duty to exercise the degree of care, skill and competence that a reasonable and ordinary person would exercise under similar circumstances;

2. the duty to exercise reasonable care to avoid a foreseeable risk of injury to other persons;

3.  a duty to use ordinary care by not placing others in harm's way;

4.  in failing to advise the Plaintiff of unsafe condition;

5.  in failing to follow appropriate safety rules and regulation;

6.  exposing the Plaintiff **Brian Amador Maldonado, Deceased** to a known dangerous and flammable environment without mitigating the risks.

7.  Failure to ensure that the conditions surrounding the subject well were safe and controlled, so that the release and the presence of explosive gases and/or materials were far enough away from ignition sources to prevent a foreseeable explosion;

8.  Failure to ensure that no explosion or fire occurred at the subject well;

9.  Failure to provide **Brian Amador Maldonado, Deceased** a safe environment in which to work;

10. Failure to stop work when a known dangerous condition existed for the type of work that was being done;

11. Failure to keep a look out and remedy known dangerous conditions; and

12. Failure to eliminate a dangerous, unsafe, and known hazardous condition.

Plaintiffs would further show that the above actions and/or omissions, among other, constitute negligence on the part of these Defendants and that such negligence was a proximate cause of the injuries and damages suffered by Plaintiffs.

## VI.
## GROSS NEGLIGENCE

Plaintiffs incorporate all other paragraphs by reference here fully.

Plaintiffs allege that, these acts and omissions, when viewed from the standpoint of Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risks of their conduct, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

Plaintiffs further allege that the injuries and damages that Plaintiffs sustained in the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, officers, and representatives in the course of employment for said Defendant.

As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## VII.
## DAMAGES

### A. Wrongful Death Damages of Norma Lyn Maldonado, Individually

Plaintiff incorporates all other paragraphs by reference here fully.

Plaintiff NORMA LYN MALDONADO and is a "parent" and statutory beneficiary under section 71.004 of the Texas Civil Practice and Remedies Code, the Wrongful Death Act.

As a result of Defendants' negligence and gross negligence, Plaintiff NORMA LYN MALDONADO, the natural mother of **Brian Amador Maldonado, Deceased** has suffered severe injuries including:

(a)   Mental anguish in the past and which in all reasonable probability will continue in the future; and

(b)   Pecuniary loss sustained in the past and which will in all reasonable probability will continue in the future.

(c)   Loss of companionship and society sustained in the past and which will in all probability be sustained in the future.

### B. Survival Statute Damages for the Estate of Brian Amador Maldonado

As a result of Defendants' negligence, Plaintiff **Brian Amador Maldonado, deceased** has suffered the following injuries in the past:

(a)   pain and mental anguish;

(b)     loss of earnings and earning capacity;

(c)     physical impairment;

(d)     physical disfigurement;

(e)     necessary medical, therapeutic, pharmaceutical and hospital care, including rehabilitative services and care in the past;

(f)     Funeral and burial expenses.

Plaintiffs allege that their damages exceed the minimum jurisdictional limits of this Court.

## VIII.
## JURY DEMAND

Plaintiffs demand a jury trial and hereby tender the appropriate fee.

## IX.
## PLAINTIFFS' REQUEST FOR RULE 194 DISCLOSURE

Plaintiffs request that the defendant disclose, within 50 days of the date of service all materials and information described in Rule 194(a) through (l) of the Texas rules of Civil Procedure.

## X.
## CONCLUSION & PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray the Defendant be cited to appear and answer herein and that upon the trial of this cause that Plaintiffs have judgment against Defendant for all of their damages as set out herein, including exemplary damages together with pre-judgment interest at the highest legal rate allowed by law, post-judgment interest at the highest legal rate allowed by law, all cost of court, and for such other and further relief, both general and special, either at law or in equity, to which Plaintiffs deem themselves justly entitled.

Respectfully submitted,


/s/ Omar G. Alvarez
**OMAR G. ALVAREZ**
State Bar No. 24045402
**O.G. ALVAREZ & ASSOCIATES, P.C.**

21022 Gathering Oak
San Antonio, Texas 78260
Phone: (210) 354-3900
Fax: (800) 948-7571
ogalvarez@ogalvarezlaw.com

-        And –

/s/ Baldemar Gutierrez
**BALDEMAR GUTIERREZ**
State Bar No. 08640500
**J. JAVIER GUTIERREZ**
State Bar No. 24045997
**KAYLA GUTIERREZ**
State Bar No. 24086977
**THE GUTIERREZ LAW FIRM, INC.**
700 E. 3rd St.
Alice, Texas 78332
Phone: (361) 664-7377
Fax: (361) 664-7245
balde@gutierrezlawfirm.com
javier@gutierrezlawfirm.com
kayla@gutierrezlawfirm.com


**ATTORNEYS FOR PLAINTIFFS**